### UNITED STATES v. BAZELL.

No. 10486.

United States Court of Appeals
Seventh Circuit.

March 5, 1952.

Lochtan & Wolfe and Bernard B. Wolfe, Chicago, Ill. (John Austin Daily, Chicago, Ill., of counsel), for appellant.

Ed Dupree, Gen. Counsel, Leon J. Libeu, William A. Moran, Office of Rent Stabilization, all of Washington, D. C., for appellee.

Before KERNER, DUFFY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This action was commenced on December 16, 1949, by plaintiff through the office of the Housing Expediter, the complaint alleging violations of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. On plaintiff's motion for summary judgment filed October 27, 1950, a judgment was entered in favor of plaintiff on June 19, 1951.

Defendant is the landlord of certain premises located at 1527 South Kedzie Avenue, Chicago, Illinois, which are within the Chicago Defense-Rental Area. The complaint herein alleged that defendant had violated provisions of the Housing and Rent Act of 1947, and of the Controlled Housing Rent Regulation (12 F.R. 4331, 14 F.R. 1570) issued thereunder, by receiving rentals in excess of the maximum rental under said Act and Regulations for a period from September 11, 1948, to June 5, 1949. Plaintiff sought injunctive relief, restitution and statutory damages.

Defendant did not serve or file an answer to the complaint. However, the record shows that on February 2, 1950, defendant's attorneys filed a motion to strike the complaint, and that on February 13, 1950, plaintiff filed a motion to deny defendant's motion. On June 19, 1950, the court denied defendant's motion to strike the complaint. On September 3, 1950, plaintiff served on attorneys for defendant, pursuant to Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A., requests for various admissions. Defendant's attorneys neglected to serve upon plaintiff any answer or reply to these requests.

On October 27, 1950, plaintiff moved, pursuant to Rule 56, Federal Rules of Civil Procedure, for the entry of a summary judgment against defendant for the entire claim of the plaintiff. The affidavit of William S. Kaplan, attorney for the Housing Expediter, was presented, showing that more than 10 days had elapsed since the service of the request for admissions upon the attorneys for the defendant, but that no reply or answer had been made. On December 12, 1950, defendant's attorneys filed a pleading entitled, "Reply to Motion for Summary Judgment," setting forth that the premises described in the complaint were decontrolled by virtue of Sec. 202(c)(3)(A, B) of the Housing and Rent Act of 1947, as amended; that such decontrol was by virtue of the fact that the landlord had occupied said accommodations for a period in excess of 2 years and by the further fact that the landlord had created additional housing units by conversion. The reply also alleged that the orders of the Rent Director, fixing maximum rentals on defendant's apartments, were null and void, that defendant did not willfully and knowingly violate the Housing and Rent Act or the Regulations thereunder, and further asked for a determination of defendant's rights under the Act, and prayed that the motion for summary judgment be denied. On the same day an affidavit of defendant was filed setting forth that in March, 1946, she and her family occupied the first floor, consisting of 6 rooms, at 1527 South Kedzie Avenue, and that she and her family continuously occupied said accommodations until August, 1948, at which time they moved to 13330 South Kedzie Avenue, Blue Island, Illinois. The affidavit then set forth that the defendant had created 5 units on said first floor, the changes including plumbing, plastering, carpentry, equipment and furniture, and that each of said units contained complete cooking facilities, but that the bath was shared. She also denied that she had received any of three notices sent by the Rent Director, each dated June 21, 1949, entitled, "Notice of Proceedings by Rent Director," and each giving notice that the Rent Director proposed to reduce the maximum rent on designated apartments owned by defendant, and stating, "In the event you wish to file a reply to this proposed action, such reply

must be filed within 5 days from the date of this notice."

On November 9, 1950, the attorneys for defendant filed a motion asking that they be permitted to file defendant's answer instanter. As far as the record before us discloses no showing was made at that time why defendant should be relieved of the default. The court denied the motion, but did extend the time for defendant to file affidavits and brief opposing plaintiff's motion for summary judgment. On January 8, 1951, defendant's attorneys filed a motion asking "for leave to have the Reply to Motion for Summary Judgment stand as an Answer to the Complaint," and presented therewith an affidavit of one of the attorneys for defendant explaining that because of illness, absence from the city, and the oversight by a junior associate, defendant's answer had not been timely served and filed. The motion also asked leave to file a counterclaim for declaratory judgment. On February 6, 1951, the district court "after due consideration of said motion (for summary judgment), the affidavits and briefs of counsel" ordered that the motion of plaintiff for a summary judgment be granted, and that said judgment provide for "an injunction and for single damages only."

On February 16, 1951, defendant's attorneys filed a petition asking for a stay of entry of summary judgment, inviting attention that the court had not taken action on two of defendant's pending motions, and alleging that defendant had a complete and sufficient defense, and that plaintiff had not filed a counter-affidavit. On March 21, 1951, defendant filed its proposed counterclaim for a declaratory judgment. Defendant's motion for a stay of judgment was denied, by order dated June 6, 1951. On June 19, 1951, the district court entered its findings of fact and conclusions of law, stating that it had considered the pleadings and records on file, and the reply to plaintiff's motion for summary judgment. On the same date a judgment was entered requiring defendant to make refunds totaling $548.50, and enjoining defendant from receiving any rent in excess of the maximum fixed by the Rent Director. It also enjoined any violation of the Housing and Rent Act of 1947, as amended.

Attorneys for plaintiff as well as for defendant exhibited carelessness and apparent indifference to their duties in the careful preparation and prompt filing of the pleadings in this cause. The owner of the premises was a woman, Theodora Bazell, but the complaint named Theodore Bazell as defendant. Furthermore the 3 notices from the Rent Director upon which the expediter based his right to later order a reduction of rents were addressed to T. Bazell, 1330 South Kedzie Avenue, Chicago, Illinois, whereas the registration certificates of Theodora Bazell on file in his office plainly disclosed that her address was 13330 South Kedzie Avenue, Blue Island, Illinois. The affidavit of defendant alleges that none of said notices was received by her.

At the time the district court granted the motion for summary judgment herein the record was in a confused and unsatisfactory state. However, this much is clear, that in considering the motion for summary judgment the court did consider the affidavit of the defendant based upon her personal knowledge. It also appears from the trial court's findings of fact and conclusions of law that the court gave consideration to the reply to motion for summary judgment. Whether the court allowed and considered this pleading to stand as an answer to the complaint we do not know. The defendant had filed a formal motion that it be so considered, and accompanied said motion by an affidavit giving reasons why an answer had not been timely filed. In any event, having given consideration to the so-called "reply"· and also to the affidavit of defendant, before ruling on the motion for summary judgment, we think genuine issues of material facts were raised.

Sec. 202(c)(3) of the Housing and Rent Act of 1947, 61 Stat. 193, 197, as amended by the Housing and Rent Act of 1948, 62 Stat. 93, 94, excluded "any housing accommodations (A) * * * which are additional housing accommodations created by conversion on or after February 1, 1947, * * *; or (B) which for any successive twenty-four month period during the period February 1, 1945, to the date of en-

actment of the Housing and Rent Act of 1948, both dates inclusive, were not rented (other than to members of the immediate family of the landlord) as housing accommodations; * * *." The 1948 Act became effective April 1, 1948. If the facts set forth in defendant's affidavit and in her reply are established by proof, the premises here involved may fall within one or both exceptions set forth above.

Plaintiff did not move for a judgment by default or for judgment on the pleadings. However, plaintiff claims that under Rule 36, Federal Rules of Civil Procedure, each of the matters upon which it requested an admission and to which defendant made no response must be deemed to be true. The requests for admissions which plaintiff propounded were that defendant admit the genuineness of two of her registration statements; the genuineness of three notices, each dated June 21, 1949 (which on their face disclose were addressed to one T. Bazell at an address where defendant Theodora Bazell never lived); the genuineness of three orders of the Rent Director (based upon the notices wrongly directed); that certain named tenants occupied apartments 1-A, 2-A, or 4-A at certain periods and that defendant received a specified amount of rent therefor; that defendant received on two occasions copies of orders of the Rent Director; and that no tenant had commenced suit against the defendant, and that defendant had not filed an appeal. It will be noted that a request was not made to admit that any of the three notices of proceedings by the Rent Director was ever received by the defendant.

Considering the very unsatisfactory state of the record, and because material issues of fact were raised, it was error to have granted plaintiff's motion for summary judgment. We think the defendant, in spite of tardiness by her counsel, should have had an opportunity to present proofs upon the merit of her contention that the three apartments here involved were in fact decontrolled.

The learned trial judge has for some years made wide and successful use of pretrial conferences. We venture the suggestion that upon remand, before further

hearings are had, the present confused state of the pleadings and the record might be corrected at a pre-trial conference. Undisposed motions, if any, could be passed upon. The defendant should be given an opportunity to show why she should be relieved of any default that may then exist.

Reversed and remanded for further proceedings not inconsistent with this opinion.